UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE



JAN 19 2011

JOSEPH E. MELING, ) CIVIL CASE NO(s) C99-
Movant-Defendant, ) C02-1288R
) (RELATED CASE NO. CR92-395R)
)
) MOTION FOR RELIEF FROM JUDGMENT
v. ) OR ORDER PURSUANT TO FEDERAL
) RULES OF CIVIL PROCEDURE RULE
) 60(b)(6)
)  ****************************
UNITED STATES OF AMERICA, )
Respondent-Plaintiff. )
)

## MOTION REQUESTING RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO RULE 60(b)(6)

Comes Now the Movant, Joseph Meling, who moves this Honorable Court, pursuant to Federal Rules Of Civil Procedure (Fed.R.Civ.P.) Rule 60(b)(6), for relief from the Judgment or Order entered against him in the above stated case(s), due to extraordinary circumstances and in the interest of justice, and request this Court to issue an ORDER re-opening the Movant's § 2255 proceedings, and in support the Movant offers the following:

### Jurisdictional Statement

This Court has jurisdiction to entertain this Motion as the Court which rendered the judgment or order being contested.

### Availability And Application Of Relief

Federal Rules Of Civil Procedure Rule 60(b) allows a movant, by motion, to request and obtain relief from a previous judgment or order entered against him. The rule provides five (5) specified reasons under which a court may relieve a party from a final judgment or order, and adds a sixth "catch-all" category not specifically listed.

1

The essential purpose of permitting substantive relief from a judgment or order is to allow the federal courts to strike a proper balance between two often conflicting principles - that litigation must be brought to a final close and that justice must be done. Coltec Indus., v. Hobgood, 280 F.3d 262 (3d Cir. 2002)

A motion under Rule 60(b) must be filed within a "reasonable" time, except: under reason(s): 1. Mistake; 2. Newly Discovered Evidence; 3. Fraud (All which must be filed within 1 year after the judgment or order was entered or taken); and 4. Judgment is Void (under which the motion can be filed at any times)

The Movant, in this instance, brings his Motion under Rule 60(b)'s reason (6) In The Interest Of Justice. Under which relief from a judgment or order may be permitted to further the interest of justice if such relief will not affect the substantialrights of the parties. This "catch-all" category is now reserved for extraordinary circumstances. Lehman v U.S., 154 F.3d 1010, 1017 (9th Cir. 1998); Used sparingly, relief under this catch-all provision also generally requires a showing of actual injury and the presence of circumstances beyond the movant's control that prevented timely action to protect his interests. Lehman, Id. Several courts have ruled that relief under this category is now appropriate where a client seeking relief from a default judgment demonstrates gross negligence on the part of counsel. Community Dental Servs. v. Tani, 282 F.3d 1164, 1169 (9th Cir. 2002).

In evaluating such motions, the courts consider whether it would cause or bring prejudice to the opposing party, and why the Movant did not act sooner. Whether to grant relief under 60(b) is left to the discretion of the trial court and will not be disturbed on appeal unless that discretion is abused. Twelve John Does v. District of Columbia, 841 F.2d 1133 (D.C. Cir. 1988)

## Facts In Support Of Requested Relief

On February 23, 1999, the Movant filed a Motion under Title 28 U.S.C. § 2255 in the United States District Court For The Western District Of Washington D.C. At Seattle.

On August 30th, 1999, the District Court issued an Opinion and Order denying Movant's § 2255 Motion, stating the Movant was time barred.

On June 17th, 2002, the Movant, through counsel, filed s § 2255 Motion, due to new issues and the court's failure to address the merits of previous § 2255 Motion. This Motion was denied as a second and successive and was also considered time barred. To date none of the Movnat's grounds for relief have ever been addressed on their "merits".

The Movant, to date, has never had a "reasonable" opportunity to present, and have adjudicated, the "fundamental defects" in his conviction and sentence, which are:

There have been several changes in law since the Movant's conviction and sentence, which are applicable to this Movant because failure to apply these changes would constitute a grave and inherent "manifest miscarriage of justice" (i.e. Apprendi; Blakely; Booker;)

Next, the Movant was sentenced under a "mandatory" Guideline Scheme, under which the statutory maximum term on imprisonment was the maximum allowed by the Guidelines, minus certain enhancement exceptions. However, the district court applied a erroneous "First Degree Murder" enchancement to the Movant without properly stating the reasons why, and inso doing, caused the Movant to be sentence to a term of imprisonment well exceeding his statutory maximum.

Finally, the Movant is actually innocent of not only the "First Degree Murder" enhancement, but also of the offense of conviction. Movant's innocence is made readily apparent by the fact that record reveals that someone else.

"confessed" to the crime, after the wrongful conviction and illegal incarceration of the Movant.

The Movant is not an attorney and does not have superior knowledge of the law. The Movant does know that it was due to his attorney's negliggence and lack of knowledge and understanding of the law which cause Movant's initial § 2255 Motion to be time barred, which is clearly established in this court's record. That fact alone entitles this Movant to relief.

The Movant realizes that this 60(b)(6) Motion requesting relief is being presented several years after the final decisions in this proceeding. But, due to the fact that the Movant's § 2255 has never been addressed on its "merits" and the compelling and extraordinary circumstances which exists the Movant should be granted relief.

Moreover, the Movant, due to the AEDPA's provision of a 1 year statute of limitations and its limiting provisions for second and succesive § 2255 motions, has never had any "reasonable" opportunity to receive any judicial rectification of the fundamental defects in his conviction and sentence.

## Requested Relief

The Movant request that this Honorable Court, in the form of relief, issue and order granting this Movant's 60(b)(6) Motion and order the Movant's § 2255 proceedings be re-open allowing Movant to raise the "fundamental defects" in his conviction and sentence.

Respectfully submitted,

Joseph E. Meling, pro se
Reg # 22719-086
C/O: FCI Oxford
P.O. Box 1000
Oxford, Wisconsin 53952

01/05/11

Cone
Commission expires 9-29-2013
County of Adams
State of Wisconsin

[Notary Seal: JANIS R. CONE, NOTARY PUBLIC, STATE OF WISCONSIN]

Joe Meling, #22719-086
Federal Correctional Institution
P.O. Box 1000
Oxford, Wisconsin 53952

LEGAL MAIL
3810453333

⇔22719-086⇔
United States Dist Court
Office of the Clerk
308 U.S. Courthouse
Seattle, WA - 98104
United States